United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL SAVETSKY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

PRE-PAID LEGAL SERVICES, INC. d/b/a LegalShield,

    Defendant.

Case No. 14-03514 SC

ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

## I. INTRODUCTION

Now before the Court is Defendant LegalShield's[1] motion for reconsideration of the Court's order denying Defendant's motion to compel arbitration in this putative consumer class action. ECF No. 33 ("Order"), 34 ("Mot."). While LegalShield brings its motion under Federal Rule of Civil Procedure 60(b), as discussed below the motion is properly considered under Civil Local Rule 7-9, which

---

[1] Defendant is actually named Pre-Paid Legal Services, Inc., but does business as LegalShield. For simplicity the Court will refer to Defendant as LegalShield.

requires parties to obtain leave from the Court to file a motion for reconsideration. Thus the Court construes this as a motion for leave to file motion for reconsideration. The Court found no further submissions were necessary, and issued a clerk's notice vacating the hearing date originally noticed with this motion pursuant to Civil Local Rule 7-9(d). ECF No. 36 ("Clerk's Notice"). For the reasons set forth below, leave to file a motion for reconsideration is DENIED.

**II.  BACKGROUND**

This is a putative class action alleging that LegalShield, a company that provides pre-paid legal services, violated California consumer laws by automatically charging recurring payments to California consumers without sufficient consent or disclosure.

Named Plaintiff Michael Savetsky purchased a pre-paid legal services plan on LegalShield's website. In Defendant's view, the contract it formed with Savetsky requires he arbitrate his disputes against LegalShield individually and in arbitration. Savetsky disagrees, arguing he never agreed (or "assented") to arbitration. The Court agreed with Savetsky and denied LegalShield's motion under the Federal Arbitration Act, 9 U.S.C. Section 4, to compel Savetsky to arbitrate. In doing so, the Court concluded that because Savetsky never manifested assent to the arbitration agreement either online (by simply purchasing the LegalShield subscription) or later on (after receiving a mailed copy of LegalShield's membership contract), he is not bound to its terms.

Now LegalShield asks the Court to reconsider that decision, arguing that the Court did not consider relevant contract language

and, regardless of that language, newly uncovered facts show that Savetsky did agree to arbitrate.

### III. LEGAL STANDARD

As a preliminary matter, LegalShield argues that this motion is governed by Rule 60(b) because, unlike Civil Local Rule 7-9 (which only applies to "interlocutory, non-appealable orders") Rule 60(b) applies to motions seeking "relief from final, appealable orders." Mot. at 1, 7. Because LegalShield may (and has, ECF No. 35 ("Notice of Appeal")) appeal as of right from the Court's order denying its motion to compel arbitration, LegalShield concludes the Court's order cannot have been interlocutory. See 9 U.S.C. § 16 (permitting appeals from orders "denying a petition under section 5 of this title to order arbitration to proceed . . . .").

This argument rests on the erroneous premise that if an order is appealable as of right it cannot be an interlocutory order. Yet an interlocutory order is simply any order that does not dispose of a case, without regard to whether that order is appealable as of right. See Black's Law Dictionary 1130 (8th ed. 2004). Indeed, "by . . . statute, most jurisdictions allow some types of interlocutory orders . . . to be immediately appealed." Id. As a result, the fact that an order may be appealed is not enough, standing alone to render it a final (rather than interlocutory) order, outside the scope of Civil Local Rule 7-9. See Bencharsky v. Cottman Transmission Sys., LLC, No. C 08-03402 SI, 2009 WL 330353, at *1 n.1 (N.D. Cal. Feb. 10, 2009) (citing Wright & Miller, Fed. Prac. & Proc. § 2651 n.6 (listing appealable interlocutory orders)) (finding that while an order compelling

3

arbitration is appealable, "[i]t does not necessary follow, however, that an order compelling arbitration is not also an interlocutory order" covered by Civil Local Rule 7-9).

Moreover, "an order granting or denying a motion to compel arbitration is a final decision only if such an order was the full relief the parties sought." Alcoa v. Beazer, 124 F.3d 551, 562 (3d Cir. 1997). Here, the Court's order denying the motion to compel arbitration is clearly ancillary to Mr. Savetsky's California consumer law allegations against LegalShield. Because Rule 60(b) plainly only applies to final judgments or orders, a Rule 60(b) motion is clearly improper. See Fed. R. Civ. P. 60(b) (allowing a the Court to "[o]n motion and just terms," "relieve a party . . . from a final judgment, order, or proceeding") (emphasis added); see also Santamarina v. Sears, Roebuck & Co., 466 F.3d 570, 571 (7th Cir. 2006) (Posner, J.) ("[Rule 60(b)], by its terms limited to 'final' judgments or orders, is inapplicable to interlocutory orders."); Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 880 (9th Cir. 2000).

As a result, LegalShield's motion is DENIED to the extent it relies on Rule 60(b). Instead, the Court's authority to reconsider or modify its order denying LegalShield's motion to compel arbitration rests on its inherent, discretionary power to reconsider or modify its interlocutory orders. See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (quotation omitted) ("As long as a district court has jurisdiction[2] over the case, then it possesses the inherent

---

[2] Because the appeal of an order denying a motion to compel arbitration is the appeal of an interlocutory order, the Court retains jurisdiction to reconsider its previous orders and issue

4

procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.").

Civil Local Rule 7-9 lays out a procedure by which a party may, after obtaining leave of the court, file a motion for reconsideration of an interlocutory order. Under that Rule, the moving party must "specifically show reasonable diligence in bringing the motion," as well as one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b)(1)-(3). Furthermore, "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Id. at (c). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

---

subsequent orders. See Britton v. Co-op Banking Grp., 916 F.2d 1405, 1411-12 (9th Cir. 1990).

**IV.   DISCUSSION**

LegalShield's motion presses two points.  First, it argues that the Court overlooked certain language in LegalShield's membership contract (which was presented to the Court in the prior motion), and as a result mistakenly concluded that "a reasonable consumer reading the membership contract would have no way of knowing that failing to cancel his membership could be construed as assent to arbitrate all disputes with LegalShield."  Order at 13.  Second, it contends that newly discovered evidence shows that Savetsky had actual and inquiry notice of the membership contract's terms and questions whether Savetsky misled the Court in his declaration "in which he implies that he did not know a contract existed . . . ."  Mot. at 2.

The Court will address these points in order.

**A.   Assent and Contract Formation**

First, LegalShield points out that the membership contract states in its first line that "[i]n consideration of your payment of the membership fee and your abiding by the terms and conditions of this contract and any attached endorsements, you will receive the herein contained benefits."  ECF No. 18-1 ("Pinson Decl.") Ex. C ("Membership Contract") at 2.  LegalShield contends that this language, coupled with the right (appearing six pages later in the contract) of members to cancel their membership with LegalShield, is "analytically indistinguishable from that in Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 587 (1991) in which ticket purchasers were told that acceptance of the ticket would be considered acceptance 'of all of [its] terms and conditions.'"  Mot. at 10.

In the prior order, the Court considered and rejected the argument that Savetsky's acceptance of the terms in the membership contract could be "'inferred from inaction in the face of a duty to act . . . and from retention of the benefit offered . . . .'" Order at 13 (quoting Golden Eagle Ins. Co. v. Foremost Ins. Co., 20 Cal. App. 4th 1372, 1385-86 (Cal. Ct. App. 1993) (citations omitted).  As the Court previously stated, "nothing in the membership contract indicated that inaction by Savetsky would constitute assent to the terms of the contract." Id.  In so doing, the Court rejected precisely this argument, albeit without citation to the specific contract language to which LegalShield now points. Given that LegalShield did not point to this language in its earlier motion, and the Court categorically rejected the argument that the terms of the membership contract communicated that Savetsky could assent to terms by failing to cancel the agreement, this does not constitute a "manifest failure by the Court to consider material facts or dispositive legal arguments." Civ. L.R. 7-9(b)(2).  As a result, LegalShield's motion for leave to file a motion for reconsideration on this point is DENIED.

Moreover, even if the Court were to grant leave to file a motion for reconsideration on this issue, LegalShield's arguments are unavailing.  This contract language simply does not "make clear to a reasonable consumer both that terms are being presented and that they can be adopted through the conduct that the offeror alleges constitutes assent." Schnabel v. Trilegiant Corp., 697 F.3d 110, 123 (2d Cir. 2012) (internal quotation marks and alterations omitted); see also DeFontes v. Dell, Inc., 984 A.2d 1061, 1071 (R.I. 2009) ("This language certainly informed

7

1  plaintiffs that defendants intended to bind them to heretofore
2  undisclosed terms and conditions, but it did not advise them of the
3  period beyond which they will have indicated their assent to those
4  terms."). As a result, even if the Court were to consider this
5  argument it would not change the Court's conclusion.
6       Similarly, LegalShield's arguments about actual or inquiry
7  notice are simply improper attempts to relitigate the motion to
8  compel arbitration. The Court rejected the argument that Savetsky
9  had actual or inquiry notice of the membership contract based on
10 LegalShield's contracting process. LegalShield's new arguments
11 were not presented to the Court on the prior motion to compel
12 arbitration, and thus the Court could not have "manifest[ly]
13 fail[ed] . . . to consider" them. See Civ. L.R. 7-9(b)(3)
14 (requiring a manifest failure to consider legal arguments "which
15 were presented to the Court before" its prior order); see also In
16 re Cathode Ray Tube (CRT) Antitrust Litig., No. 07-cv-5944, 2014 WL
17 4446294, at *6 (N.D. Cal. Sept. 8, 2014) (declining to consider
18 factual arguments not presented at the time of the earlier order).
19 Thus, LegalShield's motion for leave to file a motion for
20 reconsideration on this point is also DENIED.
21     **B.**    **New Evidence**
22      Finally, LegalShield argues that newly-discovered evidence
23 shows (1) that Savetsky's declaration was "misleading," and "gave
24 the Court a false picture of Plaintiff's actual or inquiry notice
25 about his contracts . . . ," and (2) that Savetsky further assented
26 to the contract by seeking to maintain his pre-paid legal services
27 subscription through LegalShield even after filing suit. Mot. at
28 2.

When seeking reconsideration based on newly-discovered facts that "material[ly] differ[] . . . from that which was presented to the Court before entry of the" prior order, the party seeking reconsideration must show that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact[s] . . . at the time of the" prior order. Civ. L.R. 7-9(b)(1). LegalShield makes no attempt to show "reasonable diligence" in its submissions aside from conclusorily stating the standard is satisfied. Mot. at 1 ("LegalShield has exercised 'reasonable diligence' in bringing this Motion . . . ."). Because LegalShield has not carried its burden of showing that in the exercise of reasonable diligence it did not know of these facts at the time of the prior order, the motion is DENIED.

Nonetheless, the Court pauses to address LegalShield's accusation that Savetsky misled or presented a false picture to the Court in his prior declaration. After reviewing Savetsky's declaration the Court finds no support for LegalShield's conclusion that the declaration was false or misleading. ECF 24-1 ("Savetsky Decl."). On the contrary, the two paragraphs LegalShield points to, paragraphs 11 and 16, are perfectly consistent with LegalShield's subsequent discoveries (1) that Savetsky sent LegalShield an email months after the subscription process described in his declaration asking for "a copy of the contracts I signed" or (2) because of the process of entering into a different agreement (containing an arbitration clause) with LegalShield, Savetsky knew about the membership contract and its terms. On the contrary, paragraph 11 describes Savetsky's enrollment process, and paragraph 16 describes his receipt of a membership booklet "the

last 10 pages of which were a legal services contract" and states that he did not read or retain the documents. Id. at ¶¶ 11, 16. Neither of these statements appears to be untrue or even misleading in light of the other facts LegalShield has discovered, because Savetsky's declaration simply describes the process by which Savetsky purchased his LegalShield membership without discussing the previous contract he signed with LegalShield or his after the fact email. The Court reminds the parties that it takes accusations of fraud or misleading the Court, particularly in declarations signed under penalty of perjury, very seriously. In the future, counsel should refrain from making such insinuations when they lack a basis in fact.

**V.   CONCLUSION**

For the reasons set forth above, the motion for leave to file a motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: April 3, 2015

UNITED STATES DISTRICT JUDGE