United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SAVETSKY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>PRE-PAID LEGAL SERVICES, INC. d/b/a LegalShield,<br><br>    Defendant. | Case No. 14-03514 SC<br><br>ORDER DENYING MOTION TO <u>STRIKE</u> |

    Now before the Court is Plaintiff Michael Savetsky's motion to strike Defendant LegalShield's[1] motion for reconsideration. ECF Nos. 34 ("Recons. Mot."), 45 ("Mot. to Strike"). The motion is fully briefed, ECF Nos. 50 ("Opp'n"), 52 ("Reply"), and because it is appropriate for consideration without oral argument under Civil Local Rule 7-1(b), the hearing currently set for May 15, 2015 is VACATED. For the reasons set forth below, the motion is DENIED.

---

[1] Defendant is actually named Pre-Paid Legal Services, Inc., but does business as LegalShield. For simplicity the Court will refer to Defendant as LegalShield.

The Court previously denied LegalShield's motion to compel arbitration, ECF No. 33 ("Prior Order"), concluding that Savetsky had not assented to the arbitration provision contained in LegalShield's membership contract. LegalShield sought reconsideration partly on the basis of newly discovered facts, and the Court denied the motion. ECF No. 48 ("Recons. Order"). Now, Savetsky argues the Court should strike LegalShield's motion for reconsideration and supporting declaration and exhibits as they are "an improper attempt to lard the record for an eventual appeal . . ." and contain documents and arguments "which LegalShield should not be permitted to embed into an appellate record." Mot. at 2.

Setting aside the parties' jurisdictional arguments, the Ninth Circuit has clearly held that it is impermissible to grant a Federal Rule of Civil Procedure 12(f) motion to strike a motion for reconsideration "to keep [the movant] from improperly augmenting the record for appeal . . . ." See Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). As the Ninth Circuit pointed out, a party has a right to appeal orders denying reconsideration. See id. (citing Stephenson v. Calpine Conifers II, Ltd., 652 F.2d 808, 811 (9th Cir. 1981)) (additional citations omitted). Yet appellate review of an order denying reconsideration could be thwarted if a district court were permitted to deny the motion and then, by granting a motion to strike, delete the motion or supporting documents from the record. Id.

Savetsky attempts to distinguish Sidney-Vinstein by pointing out that (1) unlike the movant in Sidney-Vinstein, he is not relying on Rule 12(f) (which is expressly limited to striking

2

materials from "pleadings"), (2) courts routinely strike materials outside pleadings including briefs and declarations without relying on Rule 12(f), and, (3) in any event, the materials he seeks to strike were "immaterial" to the Court's decision on the motion for reconsideration. Reply at 5 n.1 (citing, among others, NGV Gaming, Ltd. v. Harrah's Operating Co., No. 04-3955 SC, 2009 WL 2487990, at *3 (N.D. Cal. Aug. 13, 2009); Frye v. The Wine Library, Inc., No. 06-5399 SC, 2007 WL 4208289, at *1 (N.D. Cal. Nov. 27, 2007)). However, none of the cases Savetsky cites suggests that striking submissions to insulate them from appellate review is permissible under sources of authority other than Rule 12(f), even if the stricken materials are immaterial to the denial of the motion for reconsideration. On the contrary, the Ninth Circuit's concerns about insulating matters from appellate review apply with equal force to materials the Court considered irrelevant in denying reconsideration because the Ninth Circuit may well have a different view of what is relevant when it reviews the Court's orders.

As a result, the motion is DENIED.

IT IS SO ORDERED.

Dated: April 28, 2015

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

3