United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SAVETSKY, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PRE-PAID LEGAL SERVICES, INC. d/b/a LegalShield,<br><br>　　　　Defendant. | Case No. 14-03514 SC<br><br>ORDER RE: SUPPLEMENTAL <u>BRIEFING</u> |

Now before the Court is Defendant LegalShield's[1] motion to compel Plaintiff Michael Savetsky to arbitrate his claims in this putative consumer class action. ECF Nos. 40 ("Mot."). The motion is now fully briefed, ECF Nos. 53 ("Opp'n"), 57 ("Reply"), however, because the parties have overlooked an important issue, the Court hereby ORDERS supplemental briefing.

///

---

[1] Defendant is actually named Pre-Paid Legal Services, Inc., but does business as LegalShield. For simplicity the Court will refer to Defendant as LegalShield.

The Court previously denied a motion to compel arbitration under LegalShield's membership agreement, finding that Savetsky never assented to the arbitration provision contained in that agreement. ECF No. 33 ("Prior Order") at 14. After the Court denied that motion, LegalShield discovered that even prior to becoming a member, Savetsky signed up to sell LegalShield memberships as a "sales associate." In becoming a sales associate, LegalShield contends Savetsky entered into an "associate agreement" containing a separate and enforceable arbitration provision. See Pinson Decl. Ex. A ("Associate Agreement") at 6.

The parties devote much of their briefing to the question of whether the Associate Agreement is unconscionable as a matter of California law. See Mot. at 19-21; Opp'n at 14-25; Reply at 7-13. Elsewhere in their submissions, the parties also rely on other points of California contract law. See, e.g., Mot. at 16-19 (arguing assent, fraud, and duress with reliance on California law); Opp'n at 9-10 (discussing the application of the California parol evidence rule). Yet the parties apparently overlooked the very first line of the arbitration clause that is at the heart of this motion, which states that "[t]he Associate Agreement and Policies and Procedures," which contain the arbitration provision, "will be governed by and construed in accordance with the laws of the State of Oklahoma." ECF No. 42 ("Pinson Decl.") at 6, ¶ 23 (emphasis added).

Accordingly, the Court hereby ORDERS the parties to submit supplemental briefs regarding the choice of law clause, its enforceability, and its applicability to this motion. Briefing shall take place according to the following schedule:

2

- No later than Friday, June 5, 2015, LegalShield shall file an opening brief of no more than ten (10) pages confined to these issues.
- No later than Friday, June 12, 2015, Savetsky shall file a responsive brief of no more than ten (10) pages confined to these issues.
- No later than Friday, June 19, 2015, LegalShield may file a reply of no more than five (5) pages confined to the issues raised in its opening and Savetsky's responsive briefs.
- The hearing currently set for May 29, 2015 is hereby VACATED, and the Court instead sets a hearing for Friday, June 26, 2015 at 10:00 AM in Courtroom 1, 17th Floor, San Francisco Court House.

IT IS SO ORDERED.

Dated: May 22, 2015

_____
UNITED STATES DISTRICT JUDGE